IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD P. ALMQUIST, JR., Personal :
Representative of the Estate of the Late
KATHERINE A. ALMQUIST, Deceased :
2 Nancy Circle
Reading, Pennsylvania 19606 :

   and :

RICHARD P. ALMQUIST, SR. :
159 Anna Mae Road
East Stroudsburg, Pennsylvania 18301 :

   and :

LORETTA ALMQUIST :
159 Anna Mae Road
East Stroudsburg, Pennsylvania 18301 :

   Plaintiffs :

v. : Civil Action No.:

CORVIN V. ROBINSON, M.D. :
13218 Brook Lane Drive
Hagerstown, Maryland 21740 :

   and :

FREDERICK PSYCHIATRIC :
MEDICINE, P.A.
1001 Pebble Beach Terrace :
Ijamsville, Maryland 21754
   Serve on Resident Agent: :
   Corvin V. Robinson, M.D.
   1001 Pebble Beach Terrace
   Ijamsville, Maryland 21754

   Defendants

: : : : : : : : : : : : :

**COMPLAINT**

1

COMES NOW the Plaintiff, Richard P. Almquist, Jr., Personal Representative of the Estate of the Late Katherine A. Almquist, Deceased, by his attorneys, Jonathan Schochor, Jonathan E. Goldberg, and Schochor, Federico and Staton, P.A. and sues, Corvin V. Robinson, M.D., and Frederick Psychiatric Medicine, P.A., Defendants:

## JURISDICTIONAL STATEMENT

1. The Plaintiffs, Richard P. Almquist, Jr., Personal Representative of the Estate of the Late Katherine A. Almquist, Deceased, and Richard P. Almquist, Sr., and Loretta Almquist, are citizens of the United States of America and citizens and domiciliaries of the State of Pennsylvania. The Plaintiffs are all over twenty-one (21) years of age. The Plaintiffs maintain this action personally.

2. The Defendant, Corvin V. Robinson, M.D., is a citizen of the United States of America and a citizen and domiciliary of the State of Maryland, and is over twenty one (21) years of age.

3. The Defendant, Frederick Psychiatric Medicine, P.A., owns and operates a medical office in Hagerstown, Maryland. This medical facility is the location of the tortious acts complained of.

4. At all times referred to herein, the Plaintiff's Decedent, Katherine A. Almquist, Deceased, received medical care at Frederick Psychiatric Medicine, P.A., in Hagerstown, Maryland, as referenced hereinabove.

5 The amount of controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Jurisdiction is conferred upon this Honorable Court based upon diversity of a citizenship pursuant to 28 U.S.C., Section 1332, and venue is conferred by virtue of 28 U.S.C., Section 1391.

## COUNT I

7. At all times of which the Plaintiff complains, the Defendant Corvin V. Robinson, M.D. (hereinafter referred to as "Robinson"), represented to the Plaintiff's Decedent and the public that he possessed the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff's Decedent.

8. The Plaintiff alleges that the Defendant Robinson herein, including duly authorized agents and/or employees of the Defendant Frederick Psychiatric Medicine, P.A., owed to the Plaintiff's Decedent the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation -- all of which the Defendant failed to do.

9. The Defendant Robinson was negligent in that he failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to properly and appropriately diagnose the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests and/or

3

procedures performed, failed to properly evaluate the effects of chosen treatment, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's Decedent's condition, and was otherwise negligent.

10. The Plaintiff alleges that the Defendant Frederick Psychiatric Medicine, P.A. (hereinafter referred to as "Frederick"), through its agents, servants and employees, owed to the Plaintiff's Decedent a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

11. The Defendant Frederick, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine

4

the nature and extent of the Plaintiff's Decedent's condition, failed to diagnose the Plaintiff's Decedent's condition and was otherwise negligent.

12. At all times referred to herein, the Defendant Robinson acted for himself and as a duly authorized agent and/or employee of the Defendant Frederick Psychiatric Medicine, P.A., acting within the scope of his authority.

13. As the direct and proximate result of the ongoing negligence of these Defendants and each of them, the Plaintiff's Decedent, Katherine A. Almquist, age 44, suffered excruciating physical pain, emotional anguish and fear, resulting in her tragic and untimely demise on November 30, 2012.

14. On November 29, 2012, the Plaintiff's Decedent presented to the Defendant Robinson for an urgent appointment. At that time, she was noted to be anxious, hyperventilating and slurring her speech. Furthermore, the Plaintiff's Decedent was unable to walk or ambulate and she required a wheelchair to proceed from the parking lot to the Defendant's office.

15. The Plaintiff's Decedent's appearance and condition at this office visit was a marked change from her prior encounters with the Defendant. Additionally, the Plaintiff alleges that previously, on November 26, 2012, the Plaintiff's Decedent was seen in the emergency Department of a local hospital with complaints of sudden onset shortness of breath as well as chest pain. Upon examination, she was found to have decreased breath sounds with a pulse oxygen level of 92% on room air. Further, she suffered with tachycardia and had an electroencephalogram (EKG) which demonstrated non-specific ST/T-Wave changes. It is alleged that these signs, symptoms, and tests results were all abnormal and indicative of pulmonary emboli in this setting

16. It is alleged that on November 26, 2012, the Plaintiff's Decedent called the Defendant's office and reported her encounter in the emergency department. The Plaintiff alleges that the Defendant was obligated by the standards of care to ascertain all pertinent clinical information concerning this visit, but negligently failed to do so and simply concluded that the Plaintiff's Decedent was experiencing a panic attack.

17. On November 29, 2012, during the Plaintiff's Decedent's visit with the Defendant, she again reported her hospital encounter to the Defendant. Additionally, the Defendant was aware that the Plaintiff's Decedent was taking Abilify, a medication which the Defendant knew or, by the exercise of due care, should have known increases the risk of deep vein thrombosis. Contrary to the standards of care, the Defendant again failed to ascertain the appropriate clinical information from that visit and merely concluded that the Plaintiff's Decedent was experiencing anxiety on November 26, 2012 and Klonopin Toxicity on November 29, 2012. Accordingly, in violation of the standards of care, the Defendant merely discharged the Plaintiff's Decedent to home rather than referring her to an emergency room for further and appropriate evaluation.

18. Had the Plaintiff's Decedent been referred to an emergency room, she would have been evaluated and undergone tests that would have revealed the presence of pulmonary emboli. Thereafter, she would have received timely and appropriate treatment and would have survived.

19. On November 30, 2012 at approximately 2:00 p.m., Emergency Medical Services was dispatched to aid the Plaintiff's Decedent. Upon their arrival, they found that she was unresponsive, apneic, and pulseless. Cardiopulmonary resuscitation was initiated and, although the EMTs were able to convert her cardiac rhythm to ventricular fibrillation for a period of time, her rhythm converted to asystole en route. The EMTs arrived at the hospital at 2:43 p.m. At that

6

time, the Plaintiff's Decedent's pupils were fixed and dilated. Notwithstanding ongoing efforts to resuscitate, the Plaintiff's Decedent was pronounced dead at 3:13 p.m. that day.

20. A subsequent autopsy confirmed the presence of pulmonary thromboemboli which caused her tragic and untimely demise.

21. It is alleged that had these Defendants and each of them conformed with the applicable standards of care and referred the Plaintiff's Decedent to an emergency room, all of the injuries, damages and the death of the Plaintiff's Decedent would have been avoided. If the Plaintiff's Decedent was referred to an emergency room, she would have undergone tests and pulmonary emboli would have been diagnosed in a timely fashion, with appropriate intervention provided including, but not limited to TPA, anticoagulation, and/or a Greenfield filter, etc.

22. Had these Defendants and each of them conformed with the applicable standards of care, the pulmonary emboli would have been diagnosed, treated, and the Plaintiff's Decedent would have resumed all of her normal activities with no deficits whatsoever. However, as the direct and proximate result of the ongoing negligence of these Defendants, and each of them, no diagnosis was made at all and none of the required intervention provided -- in continuing violation of the standards of care. As the direct and proximate result, the Plaintiff's Decedent died at age 44 as a tenured professor at Frostburg State University.

23. The Plaintiff and Plaintiff's Decedent refer to the negligence of these Defendants and each of them as the sole and proximate cause of all of the injuries, damages and demise of the Plaintiff's Decedent -- with the Plaintiff and Plaintiff's Decedent being in no way contributorily negligent.

24. The negligence complained of occurred in Washington County. Venue is claimed in United States District Court for the District of Maryland. The amount in controversy exceeds the minimum jurisdictional amount.

_____
Jonathan Schochor

_____
Jonathan E. Goldberg
Schochor, Federico & Staton, PA

_____
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000
jschochor@sfspa.com
jgoldberg@sfspa.com

Attorneys for the Plaintiffs

## COUNT II

COMES NOW the Plaintiff, Richard P. Almquist, Sr., by his attorneys, Jonathan Schochor, Jonathan E. Goldberg, and Schochor, Federico and Staton, P.A. and sues, Corvin V. Robinson, M.D., and Frederick Psychiatric Medicine, P.A., Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

8

2. The Plaintiff alleges that he is the surviving father of the Plaintiff's Decedent, Katherine A. Almquist. As a result of the negligence of these Defendants, the Plaintiff asserts that the relationship he enjoyed with the Plaintiff's Decedent was destroyed.

3. The Plaintiff alleges that he has lost the love, support, guidance, advice and comfort furnished by his beloved daughter as the result of the negligence of these Defendants. The death of his daughter represents a tragedy from which he will never recover.

4. The negligence complained of occurred in Washington County. Venue is claimed in United States District Court for the District of Maryland. The amount in controversy exceeds the minimum jurisdictional amount.

_____
Jonathan Schochor

_____
Jonathan E. Goldberg
Schochor, Federico & Staton, PA

_____
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000
jschochor@sfspa.com
jgoldberg@sfspa.com

Attorneys for the Plaintiffs

### COUNT III

COMES NOW the Plaintiff, Loretta Almquist, by her attorneys, Jonathan Schochor, Jonathan E. Goldberg, and Schochor, Federico and Staton, P.A. and sues, Corvin V. Robinson, M.D., and Frederick Psychiatric Medicine, P.A., Defendants:

9

1.	The Plaintiff incorporates in this Count those facts set forth in Counts I and II hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2.	The Plaintiff alleges that she is the surviving mother of the Plaintiff's Decedent, Katherine A. Almquist. As a result of the negligence of these Defendants, the Plaintiff asserts that the relationship she enjoyed with the Plaintiff's Decedent was destroyed.

3.	The Plaintiff alleges that she has lost the love, support, guidance, advice and comfort furnished by her beloved daughter as the result of the negligence of these Defendants. The death of her daughter represents a tragedy from which she will never recover.

4.	The negligence complained of occurred in Washington County. Venue is claimed in United States District Court for the District of Maryland. The amount in controversy exceeds the minimum jurisdictional amount.

_____
Jonathan Schochor

_____
Jonathan E. Goldberg

Schochor, Federico & Staton, PA
_____
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000
jschochor@sfspa.com
jgoldberg@sfspa.com

Attorneys for the Plaintiffs

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD P. ALMQUIST, JR., Personal :
Representative of the Estate of the Late
KATHERINE A. ALMQUIST, Deceased, :
et al
        Plaintiffs :

   v. :    Civil Action No.:

CORVIN V. ROBINSON, M.D., et al :

        Defendants :

: : : : : : : : : : : : :

## ELECTION FOR JURY TRIAL

The Plaintiffs in this case elect to try their case before a Jury.

_____
Jonathan Schochor

_____
Jonathan E. Goldberg

Schochor, Federico & Staton, PA
_____
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000
jschochor@sfspa.com
jgoldberg@sfspa.com

Attorneys for the Plaintiffs

11